UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARSHALL and
CHANDRA MARSHALL,

       Plaintiffs,

                                   Case No. 08-cv-13257

v.

                                   Paul D. Borman
                                   United States District Judge

CITY OF FARMINGTON HILLS, et al.,

       Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS'
SUPPLEMENTAL BRIEF AND FOR COSTS (ECF NO. 96) AND STAYING THIS ACTION
UNTIL THE RESOLUTION OF THE PENDING WRIT OF CERTIORARI (ECF NO. 99)

On February 10, 2015 Plaintiffs David Marshall and Chandra Marshall ("Plaintiffs") filed the present motion requesting the Court strike Defendants' Supplemental Brief (ECF No. 95) and award costs in the amount of $850.00 to Plaintiffs. (ECF No. 96). Defendants responded the same day. (ECF No. 97). Plaintiffs then filed a reply on February 11, 2015. (ECF No. 98).

The Court previously held a status conference on December 17, 2014 wherein the present case was reopened. The Court also advised the parties at that conference that they could file a supplemental brief regarding any substantive changes to the law with respect to Defendants' November 3, 2009 summary judgment motion. The Court stated that those motions would be due in six weeks time. Thereafter, on December 22, 2014 the Court entered an order recapitulating those facts but failing to explicitly provide the due date for the supplemental briefing. (ECF No. 93).

Plaintiffs argue that they have been prejudiced by Defendants' late supplemental filing

because Defendants' untimeliness allowed them more time to research the law and because their brief was six pages long rather than five. Defendants respond that they mistakenly believed that the date to file the supplemental brief began to run from the day after the December 22, 2014 Order rather than the date of the status conference and relied upon the Fed. R. Civ. P. 6(d) which allows three extra days for filing in certain circumstances under the "mailbox rule". Defendants note that they believed their supplemental motion was timely filed on February 9, 2015.

The Court finds that Defendants' misapprehension of the six week deadline does not show abuse or intentional disregard for this Court or its rules as the Court's Order did not set forth a date. Further, while Defendants' brief is one page longer than the five pages that this Court specified, the Court finds that Plaintiffs have not suffered any prejudice where the Court requested an update of substantive law from the parties rather than additional arguments as to the merits of the claims. Therefore, the Court finds Plaintiffs' argument that an edge was to be had regarding the order of the briefing is not persuasive. Further, Plaintiffs will have the ability to further address this Court during oral argument. Finally, while the Court appreciates that Defendants' brief is untimely and one page over the limit set by this Court and would caution Defendants to not to make such behavior a normal practice, the Court finds that this does not represent such "extreme circumstances" to justify that the Defendants' brief should be struck. *See Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 205 (6th Cir. 1998) (holding that a motion should only be dismissed for failure to follow a local rule in "extreme circumstances") (citing *Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998)).

Additionally, on February 6, 2015 this Court was notified that Defendants filed a writ of certiorari with the Supreme Court of the United States in this action. (ECF No. 99). The Court

finds that it is prudent to stay this action until the resolution of the writ of certiorari.

For all these reasons, the Court shall:

(1) DENY Plaintiffs' Motion to Strike Defendants' Supplemental Brief and for Costs (ECF No. 94); and

(2) STAY any further action in this case until the Supreme Court rules on the pending writ of certiorari.

IT IS SO ORDERED.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2015.

        s/Deborah Tofil
        Case Manager